# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 23, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM MICHAEL REESE,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1248**  (BOR Appeal No. 2046991)
(Claim No. 2009086277)

**WEST VIRGINIA DIVISION OF**
**ENVIRONMENTAL PROTECTION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William Michael Reese, by Patrick Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Division of Environmental Protection, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 21, 2012, in which the Board affirmed a March 6, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 2, 2010, decision denying Mr. Reese's request to add other accident resulting from conflagration in other and unspecified building or structure; unspecified site of foot sprain; unspecified site of sprain/strain; unspecified disorder of lower leg joint; contusion of unspecified site; wrist sprain; sprain of unspecified site of shoulder and upper arm; and sprain of unspecified site of hip and thigh as compensable components. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Reese sustained multiple injuries when he slipped and fell at work on April 1, 2009. On September 28, 2010, Dr. Thaxton conducted a records review and found that there is no medical evidence to support the addition of the requested compensable components to the claim.

1

On October 29, 2010, the StreetSelect Grievance Board recommended denying Mr. Reese's request to add the requested additional compensable components to the claim. Both Dr. Thaxton and the Grievance Board found that based on Mr. Reese's history of chronic pain, any pain symptoms still occurring more than one year after the April 1, 2009, injury are likely caused by degenerative disease, and not by the April 1, 2009, injury.

In its Order affirming the November 2, 2010, claims administrator's decision, the Office of Judges held that Mr. Reese has failed to demonstrate that any of the requested additional compensable components represent injuries sustained in the course of and resulting from his employment. Mr. Reese disputes this finding and asserts that the evidence of record demonstrates that the requested additional compensable components should be added to the claim.

The Office of Judges relied on the Grievance Board's recommendations and noted its finding that there is no medical evidence to support Mr. Reese's request to add the requested additional compensable components to the claim. The Office of Judges further noted that the only evidence of record in support of Mr. Reese's request is a diagnosis update form stating that he has multiple sites of pain, particularly in the right hand and wrist, and right hip and leg. The Office of Judges then found that the Grievance Board relied on the opinion of Dr. Thaxton, and further found that Dr. Thaxton's report is the most persuasive. The Board of Review reached the same reasoned conclusions in its decision of September 21, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 23, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum